DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from the Perrysburg Municipal Court. At approximately 3:00 a.m., on January 17, 1999, an off-duty Perrysburg city police officer working security at a hotel observed a vehicle that appeared to be stuck in a snowbank at a nearby fast food restaurant. Since the restaurant was in Perrysburg Township, the officer reported the occurrence to a city police dispatcher who notified Perrysburg Township police. The township dispatched a patrol car. When police arrived, they observed appellant, Bernardo Bernal, III, standing next to a pickup truck which was stuck in some snow.
Appellant told police that five minutes earlier he had attempted to get a sandwich at the restaurant drive-through (which was closed) and became stuck in the snow. During this time, officers observed that there was a strong odor of an alcoholic beverage on appellant's breath, his eyes were glassy, and his speech loud. Appellant admitted to consuming four beers. He performed poorly on several field sobriety tests and refused a breath test. When he was unable to produce a driver's license, a records check revealed that appellant's driving privileges had been suspended. Police charged him with driving under suspension and driving under the influence of alcohol.
Appellant pled not guilty and moved to suppress his admissions to police. The trial court denied the motion, after which appellant pled "no contest" to amended charges of reckless operation and physical control of a motor vehicle while intoxicated. The trial court found appellant guilty and appellant then filed this appeal in which he insists, in a single assignment of error, that the trial court erred in denying his motion to suppress.
Appellant argues that he was stopped without probable cause and that his arrest was improper because the arresting officers did not actually observe him driving. The standard for a valid traffic stop is not probable cause, as appellant maintains, but a reasonable articulable suspicion that criminal activity is afoot. State v. Andrews (1991), 57 Ohio St.3d 86, 88. Given this, the undisputed facts are that it was 3:00 a.m. and appellant's vehicle was stuck in the parking lot of a closed business. Police could have suspected any number of criminal activities "afoot," if this was, in fact, a traffic stop. The trial court, however, concluded that initially this was not a stop at all, but a "consensual encounter" between police and the public. This encounter then escalated into an investigative stop when police observed indicia that appellant had been drinking and appeared impaired. Such an encounter is constitutionally permissible. United States v. Mendenhall (1980), 446 U.S. 544,553. In the present case, the facts support this conclusion.
With respect to the propriety of charging appellant without actually observing him operating the truck, appellant's own admission to driving the truck is sufficient to establish that element. Evid.R. 801 (D)(2). Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Perrysburg Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.